CROXALL'S Case.

CROXALL presented a petition to this court, praying to be discharged under the act of 1798, as an insolvent debtor. At the time of his petition, he was confined in the gaol of *Northampton* county; and by the return to the *habeas corpus*, upon which he was now brought up for a hearing, it appeared that he was detained by virtue of two executions and a *capias* from the common pleas of that county. It also appeared in evidence, that he had not been an inhabitant of this state for two years next before his application, but was an inhabitant of *New Jersey.*

*Ross*, for the creditors, opposed his discharge, principally upon two grounds. 1. That not having been an inhabitant for two years, he did not come within the act of 1798. 2. That being in confinement under process from the common pleas of *Northampton*, his application should have been to that court, no other having jurisdiction of the case.

Upon the *first* point, he said it was perfectly clear, that by the first section of the act, 8 *St. Laws*, 132, the case of inhabitants was alone embraced. The 14th section, which is the next that applies to the description of persons entitled to a discharge, is limited in the same manner; except that the first applies to persons not in confinement, and the fourteenth to persons arrested in execution in vacation. The restriction to inhabitants seems evident from the duty it imposes upon the debtor to give bond to a judge of this court, or to the president or two judges of the common pleas for the county *where the debtor resides;* and residency being required, it must mean the residency pointed out by the first section. The only remaining section that applies to this point, is the eighteenth; by which all persons in actual confinement by adversary process, may at the next term after such confinement, petition to be discharged, agreeably to the *true spirit and meaning* of the pre-

*The 18th section of the insolvent law of April 4th, 1798, is intended to relieve all persons in actual confinement, whether inhabitants of this state or not; but a nonresident debtor must apply for his discharge to the court by whose process he is confined.*

plaintiff withdrew his first declaration, and filed another charging the defendant as executor of the executor of *Gayworth*. The defendant then craved oyer of the writ, and pleaded the variance between the writ and the count, in abatement. But on argument, the court overruled the plea in abatement and awarded a *respondeas ouster*.

vious sections. The previous sections embrace the case of inhabitants for two years. Unless therefore the debtor be such an inhabitant, he is not within their spirit and meaning.

Upon the *second* point, he contended that this court could not interfere. Take the application either under the fourteenth or eighteenth section. Under the eighteenth, the debtor may at *the next term*, after actual confinement, petition for discharge. The court is not mentioned, but the reasonable construction of the phrase is, that it means the next term of the court, whose process has produced the actual confinement. Take it under the fourteenth. He is to give bond to appear before the court, of which the judge to whom he applies is a member, conditioned for surrendering himself to prison, if he does not comply with the act. This also means a judge of the court by whose execution he has been arrested in vacation. A contrary construction would enable a party to bring his creditors from *Erie* to *Philadelphia*, and would make the surrender to the prison of one court, while the application was to another.

*Levy* for the petitioner. The act of 1798 is a beneficial law, and should be construed liberally. If actual confinement for two years is necessary in the case of a nonresident, the law, though intended to be more lenient to the debtor than the former law, is much more severe; for the former law required in such a case but six months' confinement. Both the 14th and 18th sections omit the qualification of inhabitancy mentioned in the 1st, and the terms of the 18th are broad enough to embrace every case.

As to the point of jurisdiction. This court has very extensive jurisdiction in many cases. The legislature has given it to them over the whole state, in cases of partition; and if there is no ambiguity in the words of this act, no exposition can be admitted against them, merely because they give extensive powers. By the 1st section, it is evident that wherever the debtor resides, he may apply to the judges of this court. He may bring his creditors from *Erie* to *Philadelphia*. The legislature therefore begin by giving the jurisdiction we assert. So if arrested, and out on bail; this is one step further. Then comes the 14th. It does not say that he must apply to the court from which execution issued, but he may apply to any judge of the

supreme court, or to two judges of the county where he re-
sides. Now, according to the opposite argument, if he resides
in *Bucks*, and is arrested by execution from the common pleas
in *Chester*, he cannot apply any where. Here then the law, to
avoid a monstrous inconvenience, does allow an application to
another court; and the case put furnishes a good reason for al-
lowing a resort to this court in all cases. Then comes the 18th
section. The 14th provides for applications either to this court
or the common pleas in their respective vacations; and the 18th
provides for applications at their respective terms. The objec-
tion to the jurisdiction has no merits, it is merely technical, and
therefore the court should lean against it.

1809.

CROXALL'S
Case.

Tilghman C. J. delivered the opinion of the court.

It appears that the petitioner is an inhabitant of *New Jersey*,
who was confined in the gaol of the county of *Northampton*, by
virtue of one *capias* and two executions from the court of
common pleas. Several objections have been made to his dis-
charge, of which it will only be necessary to consider two.

The *first* is, that he is not an inhabitant of this state; the *se-
cond*, that the process by virtue of which he is confined did
not issue from this court.

The act of assembly under which this petition is exhibited,
extends relief to insolvent debtors in many instances in which
none had been given before. The *first* section applies to per-
sons *not in confinement*, who are not entitled to the benefit of
the act, unless they have been inhabitants of the state for two
years next before their application. The *fourteenth* section re-
lates to persons arrested in *execution* in *vacation*. It requires no
previous inhabitancy, but seems to be confined to those who are
*residing* in the state; because the petition is to be " to any
" judge of the supreme court, or the president or any two
" judges of the court of common pleas for the county where
" the debtor *resides*." The *eighteenth* section is more extensive,
and gives relief to " all persons," (inhabitants or not) " that
" shall be in actual confinement by adversary process, without
" collusion with the plaintiff." Those persons may " at the next
" term after such confinement," petition to be discharged,
" agreeably to the true spirit and meaning of the aforesaid sec-
" tions of this act." On a law so loosely drawn, the court must
put such a construction as is most reasonable, and least inconve-

1809.

CROXALL'S
Case.

nient. It appears to us that the obvious meaning of "petitioning "the court at the next term after confinement," restrains the petitioner to the court by virtue of whose process he is confined. It is also the most convenient; for it would be attended with very great inconvenience to bring parties and witnesses to the supreme court from all parts of the state. If the law clearly gave the debtor a right to petition this court, the argument from inconvenience would be of no avail. But where the avoiding of inconvenience accords with the most natural construction of the words of the law, it is entitled to considerable weight.

We are of opinion, on the whole, that the case of the petitioner is not such as authorizes us to proceed on his petition, and he must be remanded to the custody of the sheriff of *Northampton*.

Petitioner remanded.